Filed 3/27/15  In re Q.G. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re Q.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> Q.G., <br><br> Defendant and Appellant. | A137725 <br><br> (Contra Costa County Super. Ct. No. J1100691) |

The minor appeals from two dispositional orders committing him to the Contra Costa County Youth Offender Treatment Program (YOTP), a locked wing of the county juvenile hall, after he admitted that he violated the terms of his probation and pled no contest to charges raised in a supplemental petition.  The minor's counsel has asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  The minor was notified of his right to file a supplemental brief on his own behalf but has not filed one.  We find no arguable issues and affirm.

**BACKGROUND**

The instant appeal is the third appellate challenge brought by the minor.  In two prior appeals, this court affirmed dispositional orders of the juvenile court after the minor's attorney filed briefs pursuant to *People v. Wende, supra,* 25 Cal.3d 436.  (*In re*

1

*Q.G.* (Jan. 6, 2012, A132524) [nonpub. opn.]; *In re Q.G.* (Sept. 7, 2012, A134986) [nonpub. opn.].)

On July 27, 2012, the probation department alleged that the minor had violated the terms of his probation by leaving Courage to Change without permission. On August 22, 2012, the minor admitted the alleged violation.

On November 29, 2012, following the filing of a supplemental section 602 petition, the minor pled no contest to grand theft (Pen. Code, § 487, subd. (c)). The minor also admitted the gang allegation alleged in the supplemental petition.

On January 18, 2013, the juvenile court committed the minor to YOTP, and denied his request for review of his placement within six months.

## DISCUSSION

The minor has been adequately represented by counsel throughout the proceedings. No error appears in the minor's most recent admission of probation violation, as he was advised of the rights he waived and the consequences of admitting the violation. The minor received a fair dispositional hearing, and the juvenile court's placement order was not an abuse of discretion. Also, no error appears in the minor's no contest plea to the grand theft charge forming the basis of the supplemental petition. There is a factual basis for the plea and the minor was advised of the rights he waived and the consequences of entering a plea. The juvenile court did not abuse its discretion in ordering placement at YOTP. There was no sentencing error. There are no issues that require further briefing.

## DISPOSITION

The dispositional orders are affirmed.

                                        _____

REARDON, ACTING P. J.

We concur:

_____

RIVERA, J.

_____

STREETER, J.